IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DISTRICT

| | | |
|---|---|---|
| DAVID JOHNSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 10-00654-CV-W-GAF |
| UMB BANK, N.A. and UMB FINANCIAL CORPORATION d/b/a UMB BANK, N.A., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Now before the Court is Plaintiff David Johnson's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447. (Doc. # 8). Plaintiff argues that the Court does not have jurisdiction to hear his case. (Doc. # 9). Defendants UMB Bank, N.A. and UMB Financial Corporation d/b/a/ UMB Bank, N.A. (collectively "Defendants") oppose. (Doc. # 10). For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

**DISCUSSION**

**I.  FACTS**[1]

Plaintiff is a citizen of Missouri and was a Missouri citizen at all times relevant to the case. Defendant UMB Bank, N.A. is a national bank with its headquarters and principal place of business located in Kansas City, Jackson County, Missouri. It conducts business throughout Missouri, and

---

[1]A lengthy recitation of the facts is unnecessary. Unless otherwise noted, all facts are taken from Plaintiff's Petition (the "Complaint") (Doc. # 1-1).

1

it is controlled by and a subsidiary of Defendant UMB Financial Corporation, a Missouri corporation with its principal place of business in Kansas City, Jackson County, Missouri.

Plaintiff alleges Defendants issue debit cards to their checking account customers, including Plaintiff, which allow customers to have electronic access to their checking accounts for purchases, payments, withdrawals, and for other electronic debit transactions. Plaintiff further claims Defendants routinely allow their customers to enter into debit transactions when the customers have insufficient funds to complete transactions without providing the customers adequate disclosure or notice of insufficient funds. According to Plaintiff, Defendants purposefully fail to warn customers that they have insufficient funds to complete debit transactions so that Defendants can maximize overdraft fee revenue. It is also alleged that to further maximize the number of overdraft fees assessed against customers, Defendants "systematically and unfairly manipulat[e] [their] customers' transaction histories." Plaintiff, on behalf of himself and all others similarly situated, seeks damages, restitution, and injunctive relief for Defendants' alleged violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010 *et seq.* (Count I), breaches of contract and violations of the implied covenant of good faith and fair dealing (Count II), and for unjust enrichment (Count IV).

Plaintiff's Complaint makes no explicit mention of federal law and was originally filed in the Circuit Court of Jackson County, Missouri. On June 29, 2010, Defendants filed their Notice of Removal with this Court, alleging that Plaintiff's claims are governed by the National Bank Act, 12 U.S.C. § 1 *et seq.* (the "Act"), rules and regulations promulgated by the Office of the Comptroller of the Currency (the "OCC") under the Act, and accompanying federal law. (Doc. # 1). Thus, Defendants argue the Court has federal question jurisdiction under 28 U.S.C. § 1331 over the action. (Doc. # 1).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(b), a defendant may remove a case filed in state court to federal court if the plaintiff's claims could originally have been brought there. Under 28 U.S.C. § 1331, Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." Among other situations, a case may "arise under" federal law where a plaintiff's "right to relief under state law requires resolution of a substantial question of federal law." *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997); *see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law.").

The well pleaded complaint rule governs removal based on federal question jurisdiction: jurisdiction "is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). "Federal jurisdiction may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal question, even where only state law issues have been pled." *Id*. "If even one claim in the complaint involves a substantial federal question, the entire matter may be removed." *Pet Quarters, Inc.*, 559 F.3d at 779 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 9 (2003)).

## III. ANALYSIS

While Plaintiff's Complaint makes no mention of federal law or federal banking regulations, resolution of Plaintiff's claims will require the application and interpretation of federal banking laws and regulations. Each of Plaintiff's state law claims is based upon Defendants' posting order and

3

corresponding overdraft fees. To succeed on most of his claims, Plaintiff will have to demonstrate Defendants' posting order and corresponding overdraft fee policies were improper. As national banking entities, Defendants are chartered, supervised, and regulated by the OCC, a division of the United States Treasury Department. The OCC is charged with implementing the Act, supervising national banks, and enforcing statutory and regulatory requirements to which those institutions are subject. *See NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 256 (1995) (citing 12 U.S.C. §§ 1, 26-27, 481).

Included in the duties of the OCC is the responsibility to determine the scope of national banks' incidental powers. *See* 12 U.S.C. § 93a. These "incidental powers" include the ability to regulate how and when a national bank may charge fees and impose overdraft charges. *See* 12 C.F.R. § 7.4002(a)-(b). Therefore, to determine whether Defendants have engaged in wrongful activities relating to their posting order or overdraft fee policies, federal banking laws and regulations must be reviewed, analyzed, interpreted, and applied.[2] This creates substantial federal questions sufficient to vest the Court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## **CONCLUSION**

While Plaintiff's Complaint alleges causes of action under state law, resolution of those causes of action will require review, analysis, interpretation, and application of federal laws and regulations. Because substantial federal questions exist, the Court has jurisdiction over the case

---

[2] Plaintiff argues at length regarding preemption, or the lack thereof. The Court refrains from presently deciding whether the Act or regulations promulgated by the OCC preempt state law relevant to this case. However, the Court notes that resolution of this issue involves a substantial federal question.

4

under 28 U.S.C. § 1331 and remand would be improper.  For this reason and those stated above, Plaintiff's Motion to Remand (Doc. # 8) is **DENIED**.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED:   August 5, 2010